## Abstract of the Decision.

1. CONTRACTS, § 166*—*when duty of courts to enforce as made.* It is not within the province of a court to make contracts, but it is the duty of the court to enforce contracts as made, unless public policy would prevent such enforcement.

2. INSURANCE, § 86*—*what is nature of life insurance policy.* A life insurance policy payable to a beneficiary named therein is a species of property; it is in the nature of a chose in action which, subject to certain conditions, varying according to the terms of a contract, is payable upon the contingency of death or at a stated time.

3. COURTS, § 150*—*when decisions of Supreme Court are controlling.* Where there is a conflict in the decisions of the federal courts or any other courts with the decisions of the higher courts of the State, it is the duty of all State courts to follow the decisions of the Supreme Court of the State.

4. INSURANCE, § 407*—*what is effect of legal execution of insured on rights of beneficiary.* The legal execution of an insured does not, on grounds of public policy, forfeit the rights of the beneficiary of an insurance policy issued upon the life of such person, where there is no limitation as to the manner of death in such policy.

———————

## John N. Upton et al., Appellees, v. M. W. Springer et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Hamilton county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed October 24, 1917.

### Statement of the Case.

Bill by John N. Upton, C. M. Hays, J. H. York and W. P. York, complainants, against M. W. Springer, Samuel Todd and John A. Lynch, as school directors

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of School District Number Sixty-two, in Hamilton County, Illinois, to restrain defendants from removing a school building to another location or from executing or carrying out any contract for such removal. From a decree granting a permanent injunction as prayed, defendants appeal.

DAVID J. UNDERWOOD and CREIGHTON & THOMAS, for appellants.

H. ANDERSON and CONRAD SCHUL, for appellees.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1786*—*when decree reversed because of insufficiency of record.* Where the specific facts upon which a decree was rendered were not set forth therein or in a certificate of evidence preserving the same, such decree will be reversed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.